**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MARTIN A. SCHUCK, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:06-CV-1288-SEB-VSS |
| ) | |
| EDWIN BUSS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Martin Schuck's petition for a writ of habeas corpus is denied and this action is dismissed because the petition was not timely filed. This conclusion rests on the following facts and circumstances:

1. Schuck was convicted in an Indiana state court of domestic battery, criminal confinement and burglary. His conviction was affirmed on appeal in *Schuck v. State,* No. 73A01-210-CR-400 (Ind.Ct.App. April 25, 2003). Schuck did not seek transfer to the Indiana Supreme Court and did not file a petition for a writ of certiorari with the United States Supreme Court.

2. Schuck filed an action for post-conviction relief on July 15, 2005. The trial court's denial of that post-conviction petition was affirmed on appeal in *Schuck v. State,* 73A01-0510-PC-465 (Ind.Ct.App. April 10, 2006). Schuck's petition to transfer was denied by the Indiana Supreme Court on May 25, 2006.

3. Schuck now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). His claim is that he was denied the effective assistance of counsel at trial when counsel failed to tender a jury instruction regarding a specific element of the burglary charge. The respondent argues that the merits of this claim cannot be reached because Schuck did not file the action within the prescribed statute of limitations.

4. "Statutes of limitations for collateral relief in federal court are part of the Antiterrorism and Effective Death Penalty Act ["AEDPA"]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

5.      Schuck's conviction became final for purpose of the statute of limitation on July 24, 2003. This was the last date on which Schuck could have filed a petition for a writ of certiorari with the United States Supreme Court following the decision of the Indiana Court of Appeals in his direct appeal. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n. 6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

6.      Schuck did not file his habeas petition by the deadline described above. His habeas petition was signed–and hence can be considered to have been "filed"–on August 17, 2006. This was more than two (2) years after the expiration of the statute of limitations on July 24, 2004.

Although it is true that the running of the statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2) during any time his post-conviction petition was pending in the Indiana courts, *see Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002), and although it is also true that Schuck filed a post-conviction petition, the habeas statute of limitations expired on July 24, 2004, nearly an entire year before he filed the action for post-conviction relief on July 15, 2005. The fact that the post-conviction petition was not filed until after the statute of limitations had already expired makes the filing of the action for post-conviction relief irrelevant to the computation which is required. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

7.      "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Schuck has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. Therefore, Schuck's petition for a writ of habeas corpus is **dismissed as untimely.**  Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/26/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana